**James Lee CRUMMEL, Petitioner— Appellant,**

v.

**Steven J. CAMBRA, Jr., Warden; Larry D. Smith, Sheriff; Attorney General of the State of California, Respondents—Appellees.**

No. 02–55518.
D.C. No. CV–01–00247–DT.

United States Court of Appeals, Ninth Circuit.

Argued Oct. 8, 2003.

Submitted Jan. 30, 2004.

Decided Jan. 30, 2004.

Garth Windom, Office of Pub. Def., Richard V. Myers, Riverside, CA, for Petitioner–Appellant.

Alana Cohen Butler, Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before RYMER and TALLMAN, Circuit Judges, and LEIGHTON,* District Judge.

MEMORANDUM**

The chronology of events and charges in this case is critical to its ultimate disposition. However, the record is ambiguous in this respect. We therefore vacate the district court's order of February 15, 2002, and remand the case for clarification and reconsideration.

The State has represented to us that Crummel was originally charged *and* ultimately convicted of conduct that occurred in 1988. *See, e.g.,* Appellee's Supplemental Brief at 2–4. The record suggests, however, that Crummel was originally charged with conduct that occurred in 1987. *See People v. Crummel,* No. 08686, Reporter's Transcript, December 15, 1995, p. 10 (citing *People v. Sowers,* 49 Cal.App.4th 230, 48 Cal.Rptr.2d 250 (1996)); *People v. Crummel,* No. 14671, Reporter's Transcript, June 29, 1998, p. 111. The difference is important because it effects our Ex Post Facto analysis, *c.f. Stogner v. California,* 539 U.S. 607, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003), and the application of

California Penal Code §§ 803(b) (which applies only to charges based on "the same conduct") and 803(g)(1) (which requires that charges be filed within one year from a victim's report to police).[1]

In light of the ambiguity in the factual record, the State's new construction of the applicable statute of limitation, and the Supreme Court's recent guidance in *Stogner*, we vacate the district court's order of February 15, 2002, and remand the case for an evidentiary hearing to clarify the record and for reconsideration of Crummel's habeas petition. The hearing should focus on resolving the question of whether Crummel was ultimately convicted in 1998 for the same conduct for which he was initially charged in 1995.

**VACATED AND REMANDED.**

RYMER, Circuit Judge, dissenting.

I see the problem somewhat differently, and therefore see neither any reason to remand nor anything to be gained by an evidentiary hearing. The issue before us is whether application of California Penal Code § 803(g) to Crummel in 1999 was contrary to, or an objectively unreasonable application of, clearly established federal law as pronounced by the United States Supreme Court as of that date. 28 U.S.C. § 2254(d); *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003). This is an issue that can be resolved on the record as it is because, despite the byzantine procedural history of this case, the operative fact is that Crummel *was* prosecuted pursuant to a retroactive extension of his statute of limitations. It is quite clear that this would be impermissible today in light of

*Stogner v. California*, 539 U.S. 607, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003). However, this appeals requires us to decide (and requires us only to decide) whether the rule articulated in *Stogner* was *also* the law in 1999. Either it was, or it wasn't, and this does not turn on what Crummel was charged with in superceded pleadings. To the extent that it matters, Crummel concedes that he committed the two molestations for which he was convicted in 1988. Accordingly, I would simply decide whether the rule articulated in *Stogner* was clearly established as of 1999, not impose on the parties or the district court the burden of determining a fact that won't matter to the outcome anyway.

---

1. Judge Rymer argues in her dissent that we should decide this appeal on the record as is because we know that Crummel was convicted pursuant to a retroactive extension of the statute of limitation. With all due respect to Judge Rymer, we are not so sure. The State now argues that Crummel was *not* convicted under a retroactive extension of the statute of limitation because time was tolled while Crummel's initial charges were pending. This tolling argument may be decisive, but we cannot say until we have the district court's help in establishing an accurate record of events.